**In re Belinda JORDAN, Debtor.**

**Belinda JORDAN, Plaintiff,**

v.

**Thomas TENPENNY, et al, Defendants.**

Bankruptcy No. 379–02150.
Adv. No. 381–0081.

United States Bankruptcy Court,
M.D. Tennessee.

Aug. 22, 1983.

Steven L. Lefkovitz and Joseph H. Johnston, Nashville, Tenn., for plaintiff.

William T. Sellers, Jr., Murfreesboro, Tenn. for defendant Rutherford County School Board.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on a Motion for Withdrawal of Reference filed by the defendant Rutherford County School Board. Upon consideration of the motion at a pretrial conference prior to the trial of this matter on August 23, 1983, the court is of the opinion that the Motion for Withdrawal of Reference should be denied. This judgment shall be certified for immediate review by the district court pursuant to Administrative Order No. 28(e)(3), and the trial shall be continued until further order of this court or the district court.

The following shall constitute findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

This motion was argued at a pretrial conference on August 18, 1983. All parties are prepared for trial at this time and have agreed that this matter is a related proceeding as defined by Administrative Order No. 28(d)(3)(A). The litigants are, however, deeply concerned that the conclusion of this action brought under Title 7 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, might be delayed by the jurisdictional questions which currently exist in the bankruptcy system.

This court is also troubled by trial of a related proceeding in the bankruptcy court and emphathizes with the litigants' dilemma. Nevertheless, Administrative Order No. 28 contains no provision whereby the bankruptcy judge may order a related proceeding to be withdrawn to the district

court for trial. *See* Adm.Order No. 28(d)(3)(B), at 6 (M.D.Tenn. December 24, 1982).

Accordingly, the motion for Withdrawal of Reference, which under Administrative Order No. 28(c)(2) more properly should have been filed in the district court, is denied. In order to provide these parties the swiftest relief possible so that the ends of justice can be served, this denial will be certified to the district court for immediate review under Administrative Order No. 28(e)(3). The proceeding will be continued from August 23, 1983, to be reset by the appropriate court when this issue is resolved.

IT IS, THEREFORE, SO ORDERED.